### WEBB *vs.* MANN & EAMAN.

The Revised Statutes give to Justices of the Peace original, but not *exclusive* jurisdiction in actions wherein the debt or amount demanded does not exceed the sum of one hundred dollars.

Where a Court, by the act creating it, is endowed with general jurisdiction, an objection to its jurisdiction in a particular case must be taken advantage of by plea. A plea in bar waives the objection.

In a controversy between the mortgagor of personal property or his representative, and the mortgagee, involving the title of the property, no proof of consideration is requisite, other than the recital in the mortgage.

Where a defendant disposes of property for his own use, it amounts to a conversion, whether he was tenant in common with the plaintiff, of the property,. or otherwise.

Error to Livingston Circuit.

This was an action of trover brought by Mann & Eaman, against Webb, for the conversion of a quantity of wheat. The suit was originally commenced in the County Court, and afterwards transferred to the Circuit Court, for trial. The cause was tried before the Circuit Court without a jury, and on the 15th day of June, 1852, judgment was entered against. the plaintiff in error for thirty dollars damages, and costs of suit.

Several errors were assigned upon the record, a few only of which were insisted upon at the hearing, and considered. by the Court.

*Colman & Root*, for plaintiff in error.

*F. C. Whipple* and *G. V. N. Lothrop*, for defendants in error.

By the Court, Johnson, J.

The first error insisted upon by the plaintiff's counsel is, that the Circuit Court before which the cause was tried had no jurisdiction, the amount recovered being less than one hundred dollars, and the declaration claiming *but* one hundred. Session Laws of 1849, p. 273, § 3, enact "That the County Courts shall be courts of record, and each shall have a clerk and seal. They shall have and exercise *original* and exclusive jurisdiction in all matters of law, civil and criminal, excepting  *  *  *  cases civil and criminal,. which are by law made cognizable before Justices of the Peace." The Revised Statutes of 1846, gave to the Justice original, but not exclusive, jurisdiction of all civil actions,. wherein the debt or amount demanded did not exceed the sum of one hundred dollars.

No exclusive jurisdiction is given by this statute to a Justice of the Peace, and we think that is necessary to exclude the County Court from jurisdiction of civil actions, below the sum of one hundred dollars.

And further, the County Court was a court of record of general jurisdiction, in the ordinary sense of the term: objection to the jurisdiction of such a court must be taken advantage of by plea. A plea in bar waives any objection to its jurisdiction. (*Smith* vs. *Elder*, 3 *J. R.* 113.) In this case the plaintiff had violated the revenue law of Great Britain by secretly putting contraband goods upon the vessel of the plaintiff, by reason of which he was subjected to heavy losses. It was insisted that the plaintiff had violated no law of the United States, but a foreign law, and that the defendant must resort to a foreign tribunal for redress. The Court held that the plaintiff was estopped from denying jurisdiction, having interposed a plea in bar. Van Ness, in de-

livering the opinion of the Court, said : "The defendant has submitted to the jurisdiction of this Court, and by pleading a plea in bar, has in fact affirmed it, and is therefore now precluded from making the objection."

In delivering the opinion of the Court, in the case of Mastyn *vs.* Fabrigas, 1 Cowp. 172, Lord Mansfield remarked : "There is nothing more clear than if a Court (meaning a court of record) has not a general jurisdiction of the subject matter, he must plead to the jurisdiction, and cannot take advantage of it upon the general issue ; and therefore by the law of England, if an action be brought against a Judge of Record for an act done by him in his judicial capacity, he may plead that he did it as a Judge of Record, and that will be a complete justification."

But the record shows still another and perfect answer to this objection of jurisdiction. The plaintiff in this case interposed a plea of title, and on the trial actually introduced his *title deeds to* show himself the purchaser and owner of the premises from which the wheat in question was raised, during the time the wheat was standing and growing thereon, and thereby claiming that he had also acquired a title to the wheat, through such purchase.

It was said, indeed, that this suit was originally commenced before a Justice of the Peace, and was afterwards brought in the County Court because of the plea of title before the Justice. However this may be, nothing of the kind appears of record, and we cannot regard it ; but enough does appear to show that the County Court had jurisdiction, and that is sufficient. The second error insisted upon by the plaintiff's counsel is, that there was no evidence of any consideration having passed from the defendants to Jenkins, upon the execution of the mortgage of the wheat in question, except the usual recital of indebtedness in the mortgage.

The defendants derive their title through a chattel mortgage executed by Jenkins, who was a tenant of one Fairchild.

At the time of the execution of the mortgage, the wheat was standing and growing on the ground, and Jenkins was in possession and continued so for a long time thereafter. Webb was not a *bona fide* purchaser of this wheat, nor was he a creditor of Jenkins. After the execution of this mortgage, and after the same had been recorded, Fairchild sold these premises to one Stage ; and subsequently, through interme- diate conveyances, Webb became the purchaser. But by *that* conveyance, he acquired no interest in Jenkins' share of. the wheat, because, first—the executor had no power to con- vey such interest ; secondly, because the mortgage had been recorded with the Township Clerk; and, lastly, because Jen- kins continued during all that time in the possession of the wheat.

Afterwards, and some time in the month of July, 1850, Jenkins' interest in the wheat in question was sold at public auction, and Webb became the purchaser. The wheat was sold subject to the mortgage. Webb, therefore, is not in a condition to dispute the validity of the mortgage ; at most, he can only represent the mortgagor, and as between him and the mortgagee, no proof of consideration was necessary beyond the recital of the mortgage.

The case of Tift *vs.* Barton, 4 Denio, 171, cited by plain- tiff's counsel, is not in point. In that case, the question was between the mortgagee and a creditor of the mortgagor; the property in the meantime remaining in the hands of the mort-. gagor, which by the laws of the State of New York is *prima facie* evidence of fraud as against creditors, and it was incum- bent upon the mortgagee to do away with that evidence, by showing a good and valuable consideration. It has been held in some instances, that a mortgage is not evidence of an in- debtedness from the mortgagor to the mortgagee sufficient. to maintain an action, without an express agreement to pay. But we apprehend that in no instance has it been held to be necessary on the part of the mortgagee, to show a considera-

tion beyond the recital in the mortgage in a suit with a mortgagee or his representatives, involving simply the title of the property mortgaged.

But there is another and conclusive answer to this objection. The existence of a consideration was a question of fact which was disposed of by the Court below. The Court found as a fact among other things, that said mortgage was given to secure the payment of a certain judgment rendered before J. M. Larue, a Justice of the Peace, on the 7th day of April, 1849, for $26 53, in favor of said plaintiffs, (defendants in error,) against the said William Jenkins, (the mortgagor,) and we are to presume that the Court found such fact upon good and sufficient evidence, but whether he did or not, is not a subject of inquiry—we cannot review the facts upon a writ of error.

The next point insisted upon by plaintiff's counsel, is that *if* the plaintiffs (defendants in error) had any interest in or title to the wheat, they were tenants in common with the defendant and Smith, in the same, and in order to recover against the defendant, the plaintiffs were bound to show a "loss, destruction, or sale" of the wheat by the defendant; that mere possession is not sufficient.

Smith was a co-tenant with Jenkins in raising the wheat, and was entitled to one-third of the crop, and the record shows that he harvested and took into his possession his share of the wheat. There is no evidence upon the record that the defendant below was the owner of the other third of the wheat, unless such may be presumed from his having become the purchaser of the land and premises upon which it was raised, and thereby to have acquired Fairchild's interest in the wheat. Such perhaps may be the reasonable presumption, and admitting it to be true, the position assumed by the counsel is good law, provided he means by the terms "loss, destruction, or sale," any disposition of the property by the defendant which put it out of his power to deliver it

on demand. If the defendant had caused it to be ground into flour, though literally that would be no " destruction," yet there could hardly be any doubt about its being a conversion. But it seems unnecessary to speculate upon the subject, inasmuch as the question has also been settled by the finding of the Court below. The Court below found as a fact that " the wheat in question was harvested, threshed, taken away and *disposed of* by the defendant, (plaintiff in error,) for his own use." If then, therefore, the defendant disposed of this property for his " own use," it amounts to a conversion, without reference to the fact whether he was a tenant in common or otherwise.

The only remaining objection is, that the Court erred in assessing the whole value of the interest of the plaintiff, in the wheat against the defendant. It is difficult to determine exactly what is to be understood by this objection. The Court found that the value of Jenkins' part of the wheat amounted to the sum of thirty dollars, and judgment was rendered for that amount, which was less than the amount due on the mortgage.

The judgment, therefore, of the Court below must be affirmed, with costs of this Court to be taxed.