MOSES WICK, RESPONDENT, *v.* W. T. O'NEALE, ADM'R, APPELLANT.

When a party dies owing a debt not barred by the Statute of Limitations at his death, the holder of the claim has one year after administration granted on the debtor's estate, within which to bring his action, although the action would have been barred in less than one year, if the debtor had lived.

This extension of the time within which the action may be brought is subject only to this qualification, that if the claim is presented to the administrator and rejected, suit must be brought thereon within three months after rejection.

This twelve months' extension applies to all classes of cases, as well those debts contracted out of the State, and which are otherwise barred by six months' limitation, as others.

APPEAL from the District Court of the First Judicial District, Storey County, Hon. R. S. MESICK presiding.

The facts are stated in the Opinion.

*Mitchell & Hundley*, for Appellant.

*McRae & Rhodes*, for Respondent.

Opinion by LEWIS, C. J., full Bench concurring.

This action is brought upon a promissory note executed by one W. O. Middleton, at Oroville, in the State of California, on the eleventh day of June, A.D. 1864, by which he obligates himself to pay the sum of five hundred dollars to the plaintiff in thirty days from the time of its execution.

By the findings of fact set out in the record it appears that, on

the ninth day of October, nearly three months after the maturity of the note, the maker, Middleton, died ; that, on the fourteenth day of November following, the defendant was duly appointed adminis-trator of the deceased's estate, and on the eleventh day of July, A.D. 1865, about five months after this appointment, the note was regu-larly presented for allowance as a claim against Middleton's estate, and rejected by the administrator ; and within two months there-after this action was brought, and judgment entered in favor of the plaintiff.    The only defense relied on by the defendant is based upon the thirty-fourth section of the Statute of Limitations of this State, which declares that "An action upon any judgment, contract, obligation, or liability for the payment of money or damages ob-tained, executed, or made out of this Territory, can only be com-menced within six months from the time the cause of action shall accrue."    (Laws of 1862, p. 82.)

This is an amendment of section thirty-four of the general Stat-ute of Limitations, and the defendant claims that under it the note in question is barred, and hence that no action can be maintained upon it.    There is, however, another section of the Statute which clearly excepts from the operations of this section all cases where the debtor dies before the Statute has fully run.    It provides that " if a person, against whom an action may be brought, die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his executors and administrators after the expiration of that time, and within one year after the issuing of letters testamentary or of administration."    (Section 23, page 30, of the Laws of 1861.)

This section beyond all doubt extends the time for the commence-ment of actions to one year from the time of the issuing of letters testamentary, in all cases where the person against whom the action may be brought dies before the Statute has fully run.

In this case, the maker of the note died before the Statute had run, and the action was brought in less than one year after the de-fendant had been appointed administrator : hence it clearly comes within section twenty-three, above referred to.    This section must, however, be construed in connection with Section 136 of the Probate Act, which makes it the duty of any person whose claim against an estate is rejected, to bring his action against the executor or ad-

ministrator within three months after such rejection, if it be then due ; and if not, then within three months after it becomes due.

Though the creditor of the estate has one year from the time letters testamentary are issued within which to commence his action, it is always with the qualification that it is commenced within three months after the claim upon which it is based is rejected by the executor or administrator. Thus the holder of the claim has one year after the appointment of the executor or administrator within which to bring his action, unless he voluntarily shortens that time by presenting his demand at a period more than three months before the expiration of the year. To illustrate : The plaintiff in this case could, if he chose, have deferred the presentation of the note upon which the action is brought for nine months after letters were issued to the defendant, and he could then have delayed three months after its rejection before bringing suit ; thus he would have a year after the appointment of the defendant within which to bring his action, or he could have shortened that time by presenting his claim immediately upon the issuance of letters, and thereby made it necessary for him to institute his action within three months after the appointment of the defendant.

But it is claimed by counsel for appellant that the twenty-third section of the Statute of Limitations, referred to above, does not apply to that class of actions referred to in the amended section thirty-four.

Why it should not, we are utterly unable to see. Section thirty-four, as amended in the year 1862, becomes a part of the general Statute of Limitations, and section twenty-three clearly applies to all actions referred to in the Act. If it were the intention of the Legislature to except all actions accruing out of the State from the operation of section twenty-three, such an exception should have been incorporated in some part of the law. That has not been done ; we, therefore, hold that it applies to all actions, irrespective of where they may accrue.

The judgment of the Court below must be affirmed.