## John L. Morrison v. John Cole.

*Partnership: Agreement to sell: Agency.* An arrangement between two persons whereby one delivers to the other certain hay, which the latter agrees to transport to another market and there sell the same if he can, at not less than a given price per ton, of which he is to receive a specified sum per ton for his freight and trouble, and to pay over the balance to the other party, and if he sells at a higher price than the minimum price named, the excess is to be divided equally between them, and if he fails to make sale he is to store the hay for the other party, and to wait for his freight till the hay is sold, does not constitute the parties partners.

*Agency: Selling on credit.* One agreeing to take hay in that way to sell, in the absence of any authority to sell on credit, is liable for all the hay he sells, and if he gives credit does it at his own risk.

*Heard and decided July 23.*

Error to St. Clair Circuit.

Cole sued Morrison on the common counts in assumpsit. The cause was tried by the court without a jury, and a special finding was filed. The following facts were found: In the fall of 1873 plaintiff delivered to defendant certain hay, under an agreement that defendant should take it to Tawas or Au Sable and there sell it for not less than eighteen dollars per ton, of which plaintiff was to have fifteen dollars per ton, and defendant three dollars per ton for his freight and trouble; and if defendant could sell the hay at more than eighteen dollars the surplus was to be divided equally between them; and if he could not sell at eighteen dollars he was to store the hay for plaintiff and wait for his freight until the hay was sold. Defendant sold a portion of the hay to different persons at the rate of twenty-two dollars per ton, receiving part cash, and for the balance taking a draft on an Ohio firm, which included also money due to defendant on other dealings with such firm. Defendant offered this draft to plaintiff, but he declined to accept it unless defendant endorsed it, which he refused to do. Defendant sent the draft for collection, but had not realized upon it. Defendant offered upon the trial to turn over the draft, and to assign the accounts for hay sold,

which plaintiff refused to accept. The circuit judge ruled that the plaintiff was entitled to recover under the count for money had and received, at the rate of fifteen dollars per ton for the hay actually paid for to defendant, and under the count for goods sold and delivered, for the hay sold on credit, the defendant having sold it on credit without authority, and having blended the plaintiff's account with his own and taken a draft for the whole, payable to himself; and that, as to the hay not sold, he was not entitled to recover. Judgment was rendered accordingly, and the defendant brought error.

*J. B. Waldron* and *Atkinson Bros.*, for plaintiff in error, argued that the parties were partners; or if not, that Morrison was acting as a factor, and was therefore authorized to sell on credit and take the draft in his own name and include in it other money due him; and that the plaintiff could not recover without previous demand upon Morrison to turn over proceeds or pay the money.

*Frank Whipple*, for defendant in error, was stopped by the court.

THE COURT held that the arrangement between the parties did not constitute them partners; and that the defendant was properly held liable for the hay actually sold, whether sold for cash or on credit, and that in selling on credit he did so at his own risk.

Judgment affirmed, with costs.