## Bernard Bray, Jr., and others v. Bernard Bray.

*Personal property : Tenants in common: Possession: Assertion of ownership in entirety: Conversion.* An assertion of ownership in entirety by a tenant in common in possession of personal property, as against his co-tenant, coupled with a refusal to allow the latter to hold at all, is equivalent to an ouster by him of his co-tenant, and works as complete a disseizin of the foundation on which the latter might take and justify possession, as would a sale of the whole to a stranger. Such conduct amounts in legal effect to a conversion.

*Submitted on briefs October 23.    Decided October 30.*

Case made from Shiawassee Circuit.

This was an action of trover.

*Gould & Lyon*, for plaintiffs.

*Jerome W. Turner*, for defendant.

GRAVES, CH. J.

This is a case made after judgment, and the facts appear in the record. The plaintiffs and defendant were joint owners of a buggy rake. The plaintiffs had possession and were using it. The defendant made affidavit before a justice for replevin, and claimed to be owner in entirety. The writ was issued, the rake taken from the plaintiffs and delivered to defendant. On the return day the defendant, who was plaintiff in replevin, discontinued, and the justice entered judgment of discontinuance, but made no order for return or gave any damages. The chattel remained in the hands of defendant. The plaintiffs then demanded possession, but the defendant refused, and in addition thereto set up that *he held and owned the rake in entirety as against them.* It was worth fifty dollars, and the plaintiffs' interest was three-fourths.

The circuit judge was of opinion that, as the chattel was indivisible and the parties joint owners, the plaintiffs were not entitled to recover, and he accordingly entered judgment for the defendant. If the plaintiffs' grievance was nothing more than that the defendant got possession of the common property by the replevin and then kept it, we might agree with the circuit judge. But the facts go much further. After the possession was changed by the replevin, and after that suit was ended by the discontinuance, the defendant not merely refused to restore the possession, but along with his refusal to allow the plaintiffs to have possession, he asserted an exclusive right to the whole interest. If he was tenant in common with the plaintiffs, he had, in the absence of any stipulation to the contrary, and none appears, a legal and equal right to the possession; and the assertion of that right merely, would not of course have constituted a conversion. But he was

not owner of the entire interest, not seized of the whole right of property, and his assertion of it, when coupled with the fact of his possession, and the fact of his refusal to allow his co-tenants to hold at all, was equivalent to an ouster by him of the plaintiffs from their right of property. It was as complete a disseizin of the foundation on which they might take and justify possession as though he had sold the whole to a stranger. It appears plain to me that this conduct was conversion.—*Fiquet v. Allison, 12 Mich., 328.* The defendant's counsel in his brief suggests that this statement in the case in regard to the defendant's claim refers to the defendant's position in the replevin suit, and not to his subsequent acts. But the record will admit of no such construction. The fact is stated in connection with his acts after the replevin suit and when he refused to give up the rake, and the language of the record imports that he continued to insist upon the position when the trial below occurred.

The judgment must be reversed, and one entered in this court for the plaintiffs for the value of their interest, being $37.50, and costs of both courts.

The other Justices concurred.