GEORGE K. GROVE AND EDWIN H. WHITNEY v. ALFRED WISE.

*Trover by tenant in common or mortgagee.*

A tenant in common of chattels can bring trover against a co-tenant who has refused, on demand, to admit him to his rights and has distinctly claimed sole ownership.

A mortgagee can bring trover for the conversion of chattels to the possession of which he is entitled under his mortgage.

Error to Ingham. Submitted June 12. Decided June 21.

TROVER by Grove & Whitney for the undivided half of a steam ·engine and boiler and some planing mill machinery which had been mortgaged to them and is alleged to have been converted and disposed of by Wise, who had bought at bankrupt sale· the premises on which stood the buildings which contained the machinery described. Wise had previously bought the other half interest. Defendant had judgment below and plaintiffs bring error.

*M. V. & R. A. Montgomery* for plaintiffs in error. A mortgagee entitled to possession of a mortgaged chattel can bring trover for its conversion, *Comstock v. Hollon,* 3 Mich., 356; *Badger v. Batavia Mfg Co.,* 70 Ill., 302; *Tannahill v. Tuttle,* 3 Mich., 110; *Eggleston v. Mundy,* 4 Mich., 295; *Parkhurst v. Jacobs,* 17 Mich., 302; *In re Hicks,* 20 Mich., 280; *Worthington v. Hanna,* 23 Mich., 538; *Harvey v. McAdams,* 32 Mich., 472; a tenant in

common may bring error against his co-tenant for conversion of the common property, *Ripley v. Davis*, 15 Mich., 75; *Fiquet v. Allison*, 12 Mich., 328.

*Handy & Chapin* and *R. C. Dart* for defendant in error. Refusal of a part owner of a chattel to deliver possession to the other is not a conversion, *Frans v. Young*, 24 Ia., 375; *Conover v. Earl*, 26 Ia., 167.

MARSTON, J. Two questions are raised in this case:

*First.* Can one tenant in common of chattels maintain an action of trover against his co-tenant, after demand made that he be admitted to his rights as a co-tenant, and a refusal to recognize such rights, coupled with a distinct claim of entire ownership? and

*Second.* Can a mortgagee of chattels, entitled to the possession thereof under his mortgage, maintain trover for their conversion?

Both questions must be answered in the affirmative. The first is distinctly passed upon in *Bray v. Bray*, 30 Mich., 479; *Webb v. Mann*, 3 Mich., 139.

The second question was indirectly raised and passed upon in *Harvey v. McAdams*, 32 Mich., 473, where mortgagees of personal property maintained such an action against parties who had interfered with their right to the possession of the property.

It was supposed that under the recent decisions in this State, holding that the true relation existing between mortgagor and mortgagee is that of debtor on the one side, and creditor secured by lien upon the other, and that the title of the mortgagee does not become absolute until he has foreclosed, or done some act equivalent thereto, would prevent him from maintaining this action. Such is not however the legitimate conclusion. The mortgagee still has a sufficient property in the goods and chattels to enable him to take possession thereof, as against the mortgagor and those claiming through or under him, as well as against strangers to the title. He does not, upon default made in the payment at the time

mentioned in the mortgage, become the absolute owner of the goods. The mortgagor may still come in and redeem, and herein lies the principal distinction between the older decisions and those of more recent date. A mortgage of personal property is now treated, as it should be, as a mere security for the debt, in the same manner as is a mortgage of real estate. Were it not for the statutes of this State, a mortgagee of real estate might still maintain ejectment against the mortgagor before becoming the absolute owner upon a foreclosure of his mortgage. So a mortgagee of chattels may maintain trover against any person wrongfully interfering with his right to the possession of the mortgaged property, even before condition broken.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.