ADALINE A. SUTHERLAND v. ALFRED R. CARTER.

*Replevin by tenant-in-common.*

One who has leased a farm upon the tenant's agreement to deliver in payment half the produce is a tenant-in-common in respect to such produce and can maintain replevin for it after it is in condition to deliver.

Error to Saginaw. (Gage, J.) Jan. 18.—Jan. 22.

REPLEVIN. Defendant brings error. Affirmed.

*Trask, Grout & Smith* and *Ferdinand Brucker* for appellant. A landlord who is to have a share of the crop raised by a tenant in exclusive possession has no such right to the possession of his share as will entitle him to maintain replevin for it, until the crop is divided and his share delivered to him: Thompson's Law of the Farm § 333 ; *Dulany*

*v. Dickerson* 12 Ala. 601; Taylor's L. & T. § 24; *Tuttle v. Bebee* 8 Johns. 152; *Bailey v. Fillebrown* 9 Me. 12; *Dockham v. Parker* id. 137; *Symonds v. Hall* 37 Me. 354; *Garland v. Hillborn* 23 Me. 442; *Hatch v. Hart* 40 N. H. 97; *Walls v. Preston* 25 Cal. 59; *Smyth v. Tankersly* 20 Ala. 216; *Butterfield v. Baker* 5 Pick. 522; *Ross v. Swaringer* 9 Ired. N.C. L. 481; *Ream v. Harnish* 45 Penn. St. 376; *Schwartz v. Skinner* 47 Cal. 3; *Burns v. Cooper* 31 Penn St. 429; *Parsons v. Boyd* 20 Ala. 112; *Frierson v. Frierson* 21 Ala. 549; *Bell v. Hogan* 1 Stew. (Ala.) 536; *Hunt v. Chambers* 21 N. J. L. 620; *M'Elderry v. Flannagan* 1 Har. & G. 308; *Wilson v. Gray* 8 Watts 25; *Alford v. Bradeen* 1 Nev. 228; *Brown v. Lincoln* 47 N. H. 468; *Jeter v. Penn* 28 La. Ann. 230: 26 Am. Rep. 98; and the rule applies where the crops are held by tenants in common: *Crouse v. Derbyshire* 10 Mich. 479; *Chisholm v. Hawkins* 11 Ind. 316; *Fowler v. Hawkins* 17 Ind. 211; *Lindley v. Kelley* 42 Ind. 294; *Lacy v. Weaver* 49 Ind. 373; *Alwood v. Ruckman* 21 Ill. 200; *Dixon v. Niccolls* 39 Ill. 372; *Parker v. Garrison* 61 Ill. 251; *Sargent v. Courrier* 66 Ill. 245; *Daniels v. Brown* 34 N. H. 454; *Ellis v. Culver* 2 Harr. (Del.) 129; *Strong v. Colter* 13 Minn. 82; *Usry v. Rainwater* 40 Ga. 328.

*L. C. Holden* and *J. M. Harris* for appellees. One who is entitled to a share of property which can be divided can maintain replevin for it: *Kaufmann v. Schilling* 58 Mo. 219; *Inglebright v. Hammond* 19 Ohio 337; *Fiquet v. Allison* 12 Mich. 328; Wells on Replevin 112; and see *Kindy v. Green* 32 Mich. 310.

SHERWOOD, J. This action is replevin for a quantity of wheat and oats raised by Carter, as Mrs. Sutherland's tenant, on her farm, she having on the 1st day of January, 1880, leased the same to Carter for three years, he agreeing to pay her one-half the hay, grain, roots and fruits, and in good season and good order, as her share for the rent, and deliver the same to her on the farm. They were to share equally in all pasturage and the profits therefrom.

The parties seem to have got along without difficulty until October, 1882, when Carter threshed the grain. At this time when the threshing was completed the plaintiff asked to have her half of the grain delivered to her according to the terms of the lease. This Carter refused to do, and immediately carried the wheat off from the farm to a neighbor's barn (said neighbor being the other defendant named in the record) and locked it up. Plaintiff went to the barn and demanded her half of the grain again, of both the defendants, and they refused to comply with her request and she therefore brought this suit.

The case was tried by the court and plaintiff recovered her damages and costs, the property having been taken on the writ and delivered to plaintiff.

The defendant Carter brings error and the case is before us on findings by the circuit judge.

In addition to the facts above stated the circuit judge found that at the time the demand was made and the suit brought the grain was an undivided mass, but was of the same general kind, quality and value ; and the value of the grain.

The court found as conclusions of law that the plaintiff became owner of one-half the grain raised, and that under the facts in the case she was entitled to maintain her suit against Carter therefor.

We think the circuit judge was correct. The plaintiff was tenant in common of the grain, and after it was threshed she was entitled to her one-half thereof, and it was Carter's duty to deliver it to her when she demanded it upon the farm. It was her property, and the action will lie in such a case under the facts found in this record. Wells on Replevin § 205 ; *Kaufmann v. Schilling* 58 Mo. 219 ; *Inglebright v. Hammond* 19 Ohio 337 ; *Ryder v. Hathaway* 21 Pick. 305 ; *Warner v. Cushman* 31 Ill. 283 ; Tayl. Landl. & T. 19 (6th ed.) and authorities cited under note 5 ; *Caswell v. Districh* 15 Wend. 379 ; *Crouse v. Derbyshire* 10 Mich. 479 ; *Fiquet v. Allison* 12 Mich. 328 ; *Kindy v. Green* 32 Mich. 310.

The judgment must be affirmed with costs.

The other Justices concurred.