## JOSEPH McCLURE v. GEORGE W. THORPE.

*Pleading—Lease of farm on shares—Conversion of property by co-tenant—Damages.*

1. A declaration not demurred to, and stating facts sufficient to warrant a recovery, and under which plaintiff made his case without objection, will be held sufficient in the appellate court.
2. A tenant in common has a right of action against his co-tenant for a wrongful conversion of the *joint* property.
3. In a suit by a tenant, who had leased a farm "on shares," for an unlawful ouster and the conversion of the crops by the landlord, an instruction to the jury that, if they found for the plaintiff, he would be entitled to recover the value of the crop harvested, and the amount it had depreciated, if any, through defendant's negligence, less the value of defendant's labor in caring for and harvesting the same and his interest therein under the lease, is unobjectionable.

Error to Saginaw. (Gage, J.) Submitted on briefs November 9, 1887. Decided January 5, 1888.

Trespass. Defendant brings error. Affirmed. The facts are stated in the opinion.

*William H. Sweet* (*W. H. Clark,* of counsel), for appellant.

*Trask & Smith,* for plaintiff.

SHERWOOD, C. J. In 1886, and for several years previous thereto, the defendant owned 80 acres of land in the county of Saginaw. He resided in Canada.

The plaintiff, in the spring of 1886, rented the property of one Bolt, who claimed to act in the premises as the agent of the defendant, and, under the terms of the lease, was to have the use of the farm for the year, and crop the same. He was to furnish seed and teams, and do all the work, and

was to give the defendant one-third of what he raised for the use of the farm.

The plaintiff entered upon the farm, and took possession thereof, under the lease, in good faith, and put in a quantity of spring crops. He did not live upon the farm, but not far therefrom.

The latter part of May, after the plaintiff had put in his crops, as stated, the defendant came from Canada, and, with his family, against the consent of the plaintiff, and without his knowledge, entered upon the premises, took possession of the house, and moved therein with his family, and has continued his occupancy of the house, and possession of the farm and crops, ever since, against the protest of the plaintiff, and harvested the crops put in by the plaintiff.

This suit is brought by the plaintiff to recover his damages for such alleged invasion of his rights and conversion of his property. The declaration is somewhat peculiar in some of its features, but was not demurred to; neither was there any objection to the plaintiff's proving his case thereunder, and we think it states the facts of the case sufficiently to admit of a recovery, if they are proved.

The defendant's plea was the general issue.

The cause was tried before Judge Gage, with a jury, and the plaintiff recovered to the amount of $109.53, and the defendant brings the case here and asks a reversal of the judgment, on the ground of alleged misdirection in the charge of the court, and misapprehension as to the character and scope of the plaintiff's declaration.

The last three assignments of error relate to the subject of the pleadings, and the plaintiff's rights thereunder, and have been disposed of in what has already been said.

There were four requests to charge which were refused by the court, and upon which error is assigned. The first asks the court to charge that, upon the undisputed proofs, the defendant did not break and enter the premises, but in a

quiet and peaceable manner. This was not a question for the court, but for the jury. Whether the entry was peaceable or not was a question depending upon the solution of several other facts in the case. Under the facts stated, it was a mixed question of both law and fact, and proper for the jury; but, under the declaration, the question is one of no conse-quence. The declaration states a case which would entitle the plaintiff to recover, and the jury, by the verdict, have found he proved it upon the trial, and as the record shows by testimony not objected to.

The second request of the four asks the court to charge that the lease was for a share of the crops, and, conceding its validity, the parties were tenants in common, and therefore the plaintiff cannot·maintain this action. There is nothing in this. A tenant in common has a right of action against his co-tenant wherever there has been a wrongful conversion of the property by the co-tenant, and that is what the testimony in the case shows, without controversy, when the validity of the lease is admitted. *Sutherland v. Carter*, 52 Mich. 471 (18 N. W. Rep. 223); *Webb v. Mann*, 3 Id. 139; *Wilson v. Reed*, 3 Johns. 175; *Weld v. Oliver*, 21 Pick. 559; *Bray v. Bray*, 30 Mich. 479; Cooley, Torts, 455; *Grove v. Wise*, 39 Mich. 161.

The third and fourth of these requests are substantially the same as the second, and all four were properly refused by the court.

Exception is taken by defendant's counsel to that portion of the charge relating to damages.

The court charged, upon that subject, if they found the lease valid and as claimed, and that the defendant entered upon the land, and deprived the plaintiff of the use of it, and of his crop, as claimed by the plaintiff, he would be entitled to recover the value of the crops harvested, less one-third going to the defendant. If the crop was negligently cared for by defendant, and thereby depreciated, he would

be entitled to recover for the amount of the depreciation also; but would have to deduct from these two items the value of the labor of the defendant in caring for and bringing the crops to maturity, and also "for harvesting and gathering the crops." We think this charge was unobjectionable.

We find no error in the record, and the judgment must be affirmed.

CHAMPLIN and MORSE, JJ., concurred. CAMPBELL, J., did not sit.