WILLIAMS v. ROGERS.

1. Landlord and Tenant — Letting on Shares — Partnership.
An agreement whereby the owner of a farm rents it for a term of years, and furnishes to the tenant the stock on the farm, and one-half the seed grain, and pays one-half the expenses of carrying on the farm, exclusive of charges for labor, which is furnished and paid for by the tenant, the owner receiving from the tenant one-half the products, does not constitute the parties copartners.

2. Same — Growing Crops.
The tenant in possession under such agreement is not entitled to any part of grain previously sown, although harvested during his tenancy.

3. Same — Special Services — Instructions.
Whether such tenant is entitled to remuneration from the owner for delivering milk from the farm to regular customers is properly left to the jury, under instructions that, if it was understood by the parties to the agreement that the tenant's obligation to do the work included this service, he could not recover therefor, but that if it was not so understood, and the work was performed by the tenant under a special arrangement, at the request of the owner, he should be allowed what such services were reasonably worth.

4. Tenants in Common — Conversion — Demand.
An assertion of ownership in entirety by a tenant in common in possession of personal property, as against his cotenant, coupled with a refusal to allow the latter to hold at all, amounts to a conversion, and the excluded tenant may maintain an action therefor without making a formal demand.

5. Same — Assumpsit.
The right of a tenant in common to maintain assumpsit against his cotenant for a conversion of the common property is based upon a violation of the contractual obligation, and it is not essential to the existence of the right that the goods converted should be susceptible of division by weight or measure.

Error to Hillsdale; Lane, J.    Submitted June 11, 1896.
Decided July 28, 1896.

*Assumpsit* by John B. Williams against Eli B. Rogers
upon claims growing out of an agreement for work-
ing defendant's farm on shares.    From a judgment for
plaintiff, defendant brings error.    Reversed.

*F. A. Lyon*, for appellant.

*S. D. Bishopp* an *. S. F. Dwight*, for appellee.

MONTGOMERY, J.    Plaintiff recovered a judgment on
a claim of balance due arising out of transactions between
the parties while plaintiff was an occupant of defendant's
farm.    Testimony on the part of the plaintiff tended to
show that he entered into possession of the defendant's
farm on the 27th of January, 1891, and continued to oc-
cupy it until March, 1892; that when he went into pos-
session he expected to make a lease at once, upon terms
which had been substantially agreed upon, but not re-
duced to writing, but that, after moving upon the farm,
the defendant suggested that the lease be made to com-
mence March 1st, which was done.    In the meantime
the plaintiff did the chores, fed the stock, milked the
cows, and took charge of defendant's milk wagon, and
delivered milk to customers in the city of Hillsdale.
These services he seeks to recover for.    On or about the
1st of March a written agreement for the future occu-
pancy of the premises was entered into, the material por-
tions of which are as follows:

"The party of the first part [defendant] rents his farm
to second party [plaintiff]    *    *    *    for the term of five
years, with the privilege of terminating this contract at
the close of any year by either party giving 90 days'
notice in writing prior to the 1st day of March in any of
the said years.    First party is to furnish with said farm
one-half of all seed and grain, and pay one-half of the
expenses necessary to carry on said farm, except the team
and man labor, and furnish cows and stock now on the

farm, reserving the right to sell and dispose of the same, as both parties may deem best, at any time during the continuance of this lease. Second party is to do all the team labor and man labor and to furnish the team, and to do all the work in season, and in a good, workmanlike manner. Second party is to furnish one-half of all seed and grain sown on said farm, and pay one-half of the taxes assessed on said property and premises during the continuance of this lease, and to furnish all farm implements necessary to carry on said farm in a good, workmanlike manner. All stock, teams, and other animals raised and kept on said farm to be kept on the undivided grain and produce. All stock, fowls, and other animals raised on said farm, and all grain and produce, and in fact everything raised and grown on said farm, to belong to first and second parties, share and share alike; that is, first party to have one-half and second party to have one-half. All stock, grain, and other property to be divided between first and second parties when both are present or represented. Both first and second parties are to have milk for family use out of the undivided milk."

After the execution of this contract, plaintiff continued to deliver milk to the customers to whom milk had previously been delivered for defendant, and turned the money over to defendant, and he also charges in his account for the services in peddling this milk. The lease was terminated at the end of the first year, and plaintiff seeks to recover for his proportion of grain and other property left upon the farm; his right to the same having, as it is claimed, been denied by the defendant.

The defendant contends in this court:

*First.* That, under the lease in question, the parties became copartners, and that suit at law does not lie to recover until there has been an accounting.

*Second.* That the circuit judge erred in permitting the plaintiff to recover for the wheat sown upon the land in 1890 and reaped in 1891.

*Third.* That, under the evidence in the case, the plaintiff was not entitled to recover for services rendered prior to the 1st of March, as it is claimed his own testimony shows that such services were rendered without any expectation of charging for them.

*Fourth.* That there was error in permitting plaintiff to recover for services in delivering defendant's share of the milk after March 1st.

*Fifth.* That there was no evidence of a sufficient demand to show a conversion of the property by the defendant.

*Sixth.* That there was error in permitting a recovery on account of two calves that were left on the farm, and taken possession of by defendant.

Other questions are presented, which we deem it unnecessary to discuss, as they are not likely to arise on another trial.

1. We think the instrument in question does not constitute the parties to this suit copartners.    This was a mere letting on shares, and the parties were, as to the products of the farm, constituted cotenants.    It is very clear that no intention to form a copartnership existed.

2. We think the court erred in submitting to the jury the question of whether the parties intended that the wheat sown upon the land in 1890 was within the terms of the contract.    The contract provides that everything raised and grown on said farm is to belong to first and second parties, share and share alike.    This is to be construed with reference to the provision that the second party is to furnish one-half of all seed and grain and to pay one-half of the expenses, etc.    We are all of the opinion that it was not contemplated that the plaintiff should have a share in grain which he did not himself sow.    If there were more doubt about this question, we think the evidence pretty clearly shows that the parties themselves have so construed the contract.    Plaintiff made a claim for a share in the unharvested wheat which was sown in 1891, but not reaped at the time he left, in March, 1892.    The claim was assented to and an adjustment made, and the value of his interest credited upon a chattel mortgage held by the defendant against him.    It is very clear that the parties did not intend that wheat harvested during the term, although previously sown,

and wheat sown during the term, but harvested thereafter, should both be subject to a division.

3. We have examined the record with care, and are not prepared to say that there is not some evidence which tends to show that the services rendered prior to March 1st were rendered under such circumstances as would entitle plaintiff to recover therefor. It is unnecessary to set out the testimony at length in the opinion.

4. The defendant contends that under the lease in question, in view of the fact that the lease was of a farm which had been used as a dairy farm, the plaintiff was not entitled to compensation for delivering milk from the farm to the city customers. The court charged the jury as follows:

"If you find that it was understood between these parties that this milk should not be divided upon the farm from day to day, as it was milked, but should be divided in this way, by selling it, and the proceeds of it divided, then that should control. If it was so understood that it should be divided in this way between the parties, and that no compensation should be allowed Mr. Williams for it, because it was understood between them that his obligation to do the work included this arrangement, then he should not be allowed for it; but if it was not so understood, and this was an arrangement made afterwards, whereby Mr. Williams, at the request of Mr. Rogers, agreed to deliver this milk for him, then he should be allowed what it would be reasonably worth to do that."

We think this charge fairly presented the question to the jury, and that there was no error in it.

5. We think that there was sufficient proof to warrant the submission to the jury of the question of whether the defendant excluded the plaintiff from his rights in the property as cotenant, and denied his right to the same. If the jury found this fact, no technical demand was necessary. *Loomis* v. *O'Neal*, 73 Mich. 582.

6. As to the contention that the plaintiff is not entitled to recover for the property not susceptible to be divided by weight or measure, the rule is established in this State

that an assertion of ownership in entirety by a tenant in common in possession of personal property, as against his cotenant, coupled with a refusal to allow the latter to hold at all, amounts in legal effect to a conversion. See *Bray* v. *Bray*, 30 Mich. 479; *Grove* v. *Wise*, 39 Mich. 161. It is contended that the cases which have permitted a recovery in *assumpsit* for a conversion by a cotenant— *Fiquet* v. *Allison*, 12 Mich. 330 (86 Am. Dec. 54), and *Loomis* v. *O'Neal*, 73 Mich. 588—are cases in which the property was divisible by weight or measure. But an examination of these cases discloses that the fact of the divisibility of the articles was deemed important as bearing upon the question of whether there was a conversion. But the right to maintain *assumpsit* in any case of a conversion by a cotenant rests upon the fact that the parties maintain contractual relations, and that it is a violation of duty arising out of contract for the cotenant to convert property, which fact distinguishes the conversion from the case of a conversion by a trespasser, in which, before *assumpsit* can be brought by waiving the tort, it must be shown that the property has been converted into money or money's worth.

We think there are no other questions requiring discussion.

The judgment will be reversed, and a new trial ordered.

LONG, C. J., HOOKER and MOORE, JJ., concurred. GRANT, J., did not sit.