[No. 1591.]

R. H. SCHWARTZ, AS SURVIVING PARTNER OF THE FIRM
OF STOCK & SCHWARTZ, A COPARTNERSHIP, APPEL-
LANT, *v.* WILHELMINA STOCK, AND WILHEL-
MINA STOCK, AS EXECUTRIX OF THE LAST WILL
AND TESTAMENT OF WILLIAM STOCK, DECEASED,
RESPONDENT.

TROVER—LIMITATION OF ACTION—RUNNING OF STATUTE—STATUTES. 1. Suit
was brought against an executrix for the conversion of sheep alleged
to have been held by a partnership composed of plaintiff and defend-
ant's testator. The complaint alleged conversion by the defendant,
but, by an amendment, conversion by defendant's testator was alleged.
The partnership had been denied by the deceased, and the exclusive
control of the sheep maintained by him more than four years before
the amendment to the complaint was filed: *Held,* that the suit was
barred by the four-year statute of limitations, since the cause accrued
when the joint ownership of the property was denied, and the statute
ran until the amendment setting forth the conversion by the deceased
was filed.

2. Under Comp. Laws, 3727, providing that, if a person against whom an
action may be brought die before the expiration of the time limited
for the commencement thereof, and the action survives, the action may
be commenced against his executors or administrators after the expi-
ration of that time and within one year after the issuing of the letters
testamentary or of administration, trover for conversion of sheep by a
testator cannot be maintained against his executrix, where not brought
within a year from the issuance of letters testamentary.

APPEAL from the Fifth Judicial District Court, Humboldt
County; *G. F. Talbot,* Judge.

Action by R. H. Schwartz, as surviving partner of the
firm of Stock & Schwartz, against Wilhelmina Stock, as exec-
utrix of the estate of William Stock, deceased. From a judg-
ment in favor of defendant, plaintiff appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

By the Court, MASSEY, C. J.:

By this action, under the complaint as originally filed, the
appellant seeks, as the surviving partner of the firm of Stock
& Schwartz, an alleged copartnership, to recover a judgment
against the respondent, the executrix of the last will and
testament of William Stock, the deceased partner, for the
conversion of certain property alleged to be the property of
said firm.

The answer makes the same issues as those presented in the case of *Schwartz* v. *Stock* (No. 1592) 65 Pac. 351, 26 Nev. 128, to recover the possession of certain alleged partnership property, submitted and decided at this term; and the record presents the same questions passed upon in that case, with one exception.

It will, therefore, be necessary to discuss but one question raised in this action in addition to the questions discussed and passed upon in the other case, and that question involves the statute of limitations interposed as a plea to the amended complaint, setting up the joint ownership of the property in controversy.

The original complaint alleging the copartnership was drawn upon the assumption that the respondent, as executrix, had converted the property for which judgment is asked, but the proof showed that William Stock, deceased, had, in his lifetime, sold and disposed of the same. Upon this showing the appellant was permitted to amend the complaint showing conversion by the deceased.

Not being willing or able to reverse the judgment upon the claim that the evidence established the partnership relation for the reasons given in the other appeal, the only question to be considered is, was the right to recover in this action for conversion barred by the four-year provision of Section 3722 of the Compiled Laws?

The facts controlling this question are the same as presented in the other appeal. The denial by Stock in August, 1895, of the title of Schwartz to the property, and his exclusion therefrom, and from the management and control thereof, and from the sharing of the necessary expenses thereto and the profits thereof, from that date, are presented by this record. Four years' time had not elapsed from the time of the exclusive appropriation of the property in 1895 to the time of Stock's death, or to the time of the filing the original complaint, but more than four years had elapsed from the time of such appropriation up to the time of filing the amended complaint, claiming right to recover as a cotenant.

In this case, as in the other, we do not decide, nor intend to decide, that, under the facts of the record, this action will lie; but, if the appellant had any right of action under a claim

of joint ownership, it accrued on the 10th day of August, 1895, at the time of the exclusive appropriation by Stock.

It may be stated as a general rule that the action of trover will not lie in favor of one tenant against his cotenant for the mere detention or exclusive use of the common property, but it is otherwise where one tenant has lost or destroyed the property, or so converted it or appropriated it to his own use as to render any further enjoyment by his cotenant impossible, or when one tenant takes the exclusive possession of the common property, and denies the right or title of his cotenant thereto, as shown in this case. (*Webb* v. *Mann*, 3 Mich. 139; *Bray* v. *Bray*, 30 Mich. 479; *Grove* v. *Wise*, 39 Mich. 161; *Williams* v. *Rogers*, 110 Mich. 418; 17 Am. & Eng. Enc. Law, 2d ed. 700, 701.)

The appellant never, so far as the record shows, sought to assert his right under the claim of joint ownership in the amended complaint until the 7th day of February, 1900, more than four years after the exclusive appropriation of the common property by William Stock; and it is well settled that, where a new cause of action is brought in by amendment, the statute runs until the amendment is made and filed. (*Holmes* v. *Trout*, 7 Pet. 171; *Anderson* v. *Mayers*, 50 Cal. 525; *Atkinson* v. *Canal Co.*, 53 Cal. 102; *Nugent* v. *Adsit*, 93 Mich. 462; 1 Enc. Pl. & Prac. 622, and cases cited in note.)

If this action will lie against the legal representative of William Stock, and if the running of the statute was interrupted by the death of Stock, under the provisions of Section 3727 of the Compiled Laws, even then it was barred, as the appellant did not assert his right to recover under the claim of joint ownership for more than a year after letters testamentary had been issued to the respondent. (*Wick* v. *O'Neale*, 2 Nev. 303.)

For the reasons given, the judgment and order of the lower court must be affirmed.