## BELLOWS v. CRANE LUMBER CO.

1. LOGS AND LOGGING—DRIVING—OBSTRUCTION—ACTION FOR EX-
   PENSE—PARTIES—INTEREST IN JUDGMENT—PARTNERSHIP.
      Where plaintiffs agreed to drive B.'s logs as well as their own
      down a river on the payment by B. of his *pro rata* share of
      the actual cost, B. was not a partner with plaintiffs, or a
      necessary party to a suit to recover from defendant the
      expense incurred in driving its logs, which obstructed the
      stream, although a recovery would reduce the amount to be
      paid by B.

2. SAME—DAMAGES—EVIDENCE—CUSTOM.
      In an action under 2 Comp. Laws, § 5075, to recover the cost of
      driving defendant's logs down a stream, it is competent to
      show, as bearing on the question of damages, that hard-wood
      logs put in a river early in the spring, as were defendant's,
      will not float readily, and for that reason it had become cus-
      tomary not to put them in until the soft-wood logs had passed
      down the stream.

3. SAME.
      It is likewise competent, for the same purpose, to show what
      part of defendant's logs plaintiffs had to drive in order to
      bring down their own logs.

Error to Benzie; Chittenden, J. Submitted October
15, 1902. (Docket No. 56.) Decided November 18, 1902.

*Assumpsit* by Elwin Bellows and Adelbert Bellows,
copartners as Bellows Brothers, against the Crane Lumber
Company, for expenses incurred in running defendant's
logs, constituting an obstruction to the stream. From a
judgment for defendant on verdict directed by the court,
plaintiffs bring error. Reversed.

*George Whitbeck* and *Thomas Smurthwaite*, for
appellants.

*D. G. F. Warner*, for appellee.

MOORE, J. This case has been here before. It is reported in 126 Mich. 476 (85 N. W. 1103). A reference to that case will make a long statement of facts unnecessary here. Upon the second trial, after Mr. Bellows had been sworn as a witness, the trial judge, upon motion, directed a verdict for defendant because of the nonjoinder of Mr. Butler as a plaintiff. The case is brought here by writ of error.

The action of the circuit judge seems to have been based upon the fact that the testimony of Mr. Bellows indicated that Mr. Butler was interested in the proceeds of any judgment which may be obtained in favor of the plaintiffs in this case. The record discloses that the plaintiffs had a quantity of logs in the river; that Butler also had a quantity of logs in the stream; that an arrangement was made by which the plaintiffs were to drive Butler's logs as well as their own, and that in compensation therefor Butler was to pay them such a share of the costs and expenses of driving all the logs as would make a *pro rata* share, taking into account the quantity of logs owned by each and the distance they were driven. The plaintiffs were to make no profit nor to suffer any loss as the result of driving the logs. It was their claim that the expenses of driving the logs were increased by reason of the work they had to do on defendant's logs, and it would follow that, if they recovered from the defendant compensation for that increased expense, it would diminish the total expense of driving the logs belonging to Butler and the plaintiffs, and that the cost to Butler of having his logs driven would also be less than it would be if plaintiffs did not recover from defendant for the expenses occasioned by its logs.

Butler had nothing to do with the actual driving of the logs, and nothing to do with the result of this litigation, except as stated above. The enterprise of driving the logs was not undertaken for the purpose of earning a profit, and was to be conducted by the plaintiffs at its actual cost. We think the circuit judge was wrong in holding as a matter of law that plaintiffs and Mr. Butler were partners.

See 17 Am. & Eng. Enc. Law (1st Ed.), pp. 828–830; 1 Lindl. Partn. (2d Ed.) pp. 1–5; *Morrison* v. *Cole*, 30 Mich. 102; *Beecher* v. *Bush*, 45 Mich. 188 (7 N. W. 785, 40 Am. Rep. 465); *Canton Bridge Co.* v. *City of Eaton Rapids*, 107 Mich. 614 (65 N. W. 761); *Williams* v. *Rogers*, 110 Mich. 418 (68 N. W. 240); *Fair* v. *Martin*, 125 Mich. 612 (85 N. W. 2).

The other questions relate to the exclusion of evidence. In order to account for the large amount of work required to run the logs of defendant, it was sought to show that hard-wood logs put in the river early in the spring will not float readily, and that because of this a custom has grown up of not putting them into the river early in the spring, but to wait until the soft-wood logs have passed down. We think this was proper testimony, and should have been admitted.

The court also excluded evidence as to what part of the logs of defendant the plaintiffs had to run and drive in order to bring their logs down. We think it was competent to show fully to the jury what the situation was, and what was done, so that the jury should have all the facts before them in deciding the question of damages, if they got to that question. See *Bellows* v. *Crane Lumber Co.*, 126 Mich. 476 (85 N. W. 1103).

Judgment is reversed, and new trial ordered.

Hooker, C. J., Grant and Montgomery, JJ., concurred.