No. 2573

## LINEBARGER v. DEVINE
May 2, 1923.                              214 Pac. 532.

1. Frauds, Statute of—Indivisible Contract Not Enforceable, if Portion Is within Statute.

    An indivisible contract is unenforceable, if a part thereof falls within the statute of frauds.

2. Contracts—Whether a Contract Is Separable or Entire Depends on Intention of Parties, To Be Ascertained from Language and Subject-Matter.

    Whether a contract is entire or separable into distinct and independent contracts is a question of the intention of the parties, to be ascertained from the language employed and the subject-matter of the contract.

3. Contracts—"Indivisible Contract" Defined.

    If the several stipulations are so interdependent that the parties cannot reasonably be considered to have contracted, but with a view to the performance of the whole, or that a distinct engagement as to any one stipulation cannot be fairly and reasonably extracted from the transaction, the contract is entire and indivisible.

4. Frauds, Statute of—Generally Statute Not Applicable to Collateral Undertakings Outside of Contracts for Sale of Land.

    Generally the statute does not apply to collateral or independent undertakings outside of contracts for the sale of land.

5. Frauds, Statute of—Purchaser's Agreement to Insure Property Held within Statute, Because Not Separable from Contract for Sale of Land.

    Purchaser's agreement to insure the property constituting a part of the consideration of the agreement to sell *held* not

enforceable, where not in writing, under Rev. Laws. 1069, requiring contracts for the sale of land to be in writing, such agreement not being separable from the contract to purchase the land.

6. Frauds, Statute of—Damages for Purchaser's Breach of Unenforceable Parol Agreement to Insure Property Held Not Recoverable.

Vendor could not recover damages for purchaser's breach of parol agreement to insure property, where such agreement was inseparable from the contract to purchase the property because a part of the consideration, and therefore was unenforceable under the statute, notwithstanding Rev. Laws, 1073, providing that nothing contained in the act relating to conveyances should be construed to abridge the powers of courts to compel specific performance of agreements, in cases of part performance of such agreement; such statute being applicable only to equitable actions, and not actions at law for a breach of a void contract.

## ON PETITION FOR REHEARING

1. Appeal and Error—Appellate Court Not Precluded by Statute from Determining Point of Law Necessarily Involved in Question for Decision.

Stats. 1923, c. 97, sec. 4, declaring that the supreme court shall not decide any case on any point not raised in the briefs without giving all parties affected an opportunity to be heard thereon, does not preclude the court from deciding a point of law necessarily involved in the question for decision.

2. Appeal and Error—Objection Raised First on Motion for Rehearing Held Made Too Late.

Objection raised for the first time on motion for rehearing, that the statute of frauds, as affecting the case, was not raised by the pleadings or upon the trial, comes too late.

APPEAL from Eighth Judicial District Court, Elko County; *E. J. L. Taber*, Judge.

Action by W. F. Linebarger against C. P. Devine and others, individually and as copartners doing business under the firm name and style of Waltenspiel, Devine & Co. From judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. **Reversed. Rehearing denied.**

*McCarran & Mashburn*, for Appellants:

An unperformed contract for sale, etc., of land (except leases for year or less) must be in writing, signed by parties to be charged, must express consideration, and must be performed within a year. Rev. Laws, 1069, 1071, 1075, 1088, 1089.

Part performance or part payment will not take

transaction out of the statute of frauds. Clark, Contracts, 112; Osborne v. Kimball, 21 Pac. 163; Warner v. Ry. Co., 54 Fed. 922.

The burden is certainly upon respondent to establish facts necessary to entitle him to recover, to wit: that appellants did agree to insure property for his protection, and that there was a lawful and binding contract for sale of property, by which appellants obtained an insurable interest which they could insure for his protection.

We submit the testimony clearly establishes that there were no such agreement and contract; therefore respondent was not entitled to maintain his action.

*Badt & Dysart,* for Respondent:

A simpler case of contract would be hard to find. It is alleged that defendants agreed to insure property for protection of plaintiff; they did not do so, the house burned down, and plaintiff was damaged in specific sum. Defendants deny the contract. Upon trial there was a direct conflict of testimony as to whether defendants had so promised to insure. The trial court found for plaintiff, and, according to well-settled rules of this court findings and judgment of district court will not be disturbed.

The statute of frauds is not in issue. The case is made by pleadings.

By the Court, SANDERS, J.:

This was an action brought to recover damages for the breach of an alleged agreement to insure a dwelling-house and its contents against loss by fire for plaintiff's protection, while the defendants were in the possession and occupancy of the property as purchasers from plaintiff under and by virtue of an executory contract of sale. The case was tried before the court without a jury, and judgment was rendered in favor of the plaintiff and against the defendants in the sum of $1,250. The defendants appeal from said judgment, and also from an order denying and overruling their motion made for a new trial.

For present purposes, the material facts stated in the complaint may be shortly stated to be as follows:

In June, 1919, plaintiff agreed to sell, and the defendants agreed to buy from plaintiff, three lots or parcels of land, together with the dwelling and improvements thereon, situate in the town of Carlin, Nevada, for the agreed price of $1,500, payable $100 in cash, and the balance in monthly payments of $50 each, until the full purchase price was paid. The cash payment was made at the time, and three of the monthly payments were made in accordance with the terms of the agreement, leaving a balance to be paid of $1,250. It is alleged in the complaint that at the time of the agreement, and in consideration thereof, and in consideration of the plaintiff letting the defendants into the possession of the property, the defendants agreed to insure the dwelling-house and its contents for at least the sum of $1,400, to insure plaintiff against any loss or damage in the event the said premises should be destroyed by fire before plaintiff should be paid in full for the property agreed to be sold. It is alleged that defendants, in violation of their said agreement to insure the property, and in violation of plaintiff's right and interest in the property, wilfully and fraudulently insured the property in their own names; that in September, 1919, the dwelling-house and its contents, agreed to be insured by defendants, was totally destroyed by fire. The other recitals in the complaint are made by way of aggravation, and need not be stated. The complaint concludes with the averment that, by reason of the defendants' wilful and fraudulent refusal, failure, and neglect to comply with their agreement to insure the property for plaintiff's protection, plaintiff was damaged in the sum of $1,250, and prayed judgment for that amount.

The material facts developed on the trial of the case are as follows:

The agreement set out in the complaint was not in writing, but it appears to have been the understanding of the parties that it would be subsequently reduced to writing by an attorney for the defendants, and formally executed, and that thereafter the defendants caused to

be delivered at plaintiff's place of business a writing signed by them, which contained the terms of the agreement as understood by them, which plaintiff refused to sign, because it did not conform to the terms of the oral agreement with respect to the defendants' promise to insure the property for plaintiff's protection. It appears that defendants were at the time and prior to the making of the agreement in the occupancy of the premises as tenants of plaintiff, paying a monthly rental of $20 per month. It appears that subsequent to the agreement the defendants procured a policy of insurance on said dwelling and its contents from the Nevada Fire Insurance Company for $1,400 in their own names, without notifying plaintiff of the fact, and without informing the company of plaintiff's claim or interest in the property. Subsequent to the destruction of the property by fire, the plaintiff made demand on said company for the full amount of the policy, which was refused. The company thereafter adjusted the defendants' loss by the payment to them of $450. In this connection it is proper to state that it appears from the court's decision that the defendants' act in obtaining said policy in their own names was not intended to be in fraud of plaintiff or the insurance company. It appears that before plaintiff instituted this action defendants had abandoned their contract and surrendered up the possession of the property to plaintiff.

Defendants assign two principal reasons for the reversal of the judgment, one that there was no contract proven, as alleged in the complaint, and that the agreement to sell the lots and improvements thereon was within the statute of frauds (section 1069 of the Revised Laws of Nevada), and that the engagement to insure the property was likewise within the statute, in that the agreement was not in writing and not to be performed within one year from its date, and therefore void under the provisions contained in section 1075 of the Revised Laws of Nevada. Counsel for plaintiff insist that the agreement was without the statute, by reason of the defendants' part performance thereof. Section 1073, Revised Laws.

1.    We think we need dispose of but one question presented by the record in this case, namely: Is the agreement to insure the property within the statute of frauds? Every parol executory contract for the sale of land is within the statute. Revised Laws, 1069; 20 Cyc. 226. In determining the force and effect of the contract in question, we must first ascertain whether the contract for the sale of the realty and the contract of insurance are divisible, for it is the well-established rule that, if a contract is indivisible and a part of it falls within the scope of the statute, it is unenforceable. Browne on Statute of Frauds, c. 9, p. 165; 20 Cyc. 285; 25 R. C. L. pp. 703, 704.

2-5.    Whether a contract is entire, or separable into distinct and independent contracts, is a question of the intention of the parties, to be ascertained from the language employed and the subject-matter of the contract.    Hutchens v. Sutherland, 22 Nev. 363, 40 Pac. 409; State v. Jones, 21 Nev. 510, 34 Pac. 450.    Whether, then, a contract is divisible, is a question of law, dependent upon the terms of the contract; but what are the terms thereof is a question of fact.    If the several stipulations in the transaction are so interdependent that the parties cannot reasonably be considered to have contracted but with a view to the performance of the whole, or that a distinct engagement as to any one stipulation cannot be fairly and reasonably extracted from the transaction, no recovery can be had upon it, however clear of the statute of frauds it may be, or whatever be the form of action employed.    The engagement in such case is said to be entire and indivisible.    Browne on Statute of Frauds, sec. 140.    But the question is: Does the agreement under consideration come within this principle?    It is the general rule that the statute of frauds relating to contracts for the sale of land does not include collateral or independent undertakings outside of such contracts. 25 R. C. L. 555.

Unless, then, there is something in the terms of the contract to bring it within any exception to the principle, we should say that ordinarily an agreement to insure property, made at the same time, and which formed a

part of the arrangement for the sale of the land on which the property to be insured is situate, is a collateral undertaking, and an action can be maintained upon it. But here we are dealing with an agreement to insure the property agreed to be sold, which is positively alleged in the complaint to be a part of the consideration for the void agreement to sell the land, and also which was the consideration for letting the defendants into the possession of the property, the title to which remained in the plaintiff. Since the agreement to insure is alleged to be a part of the consideration of the agreement to sell moving from the plaintiff, he cannot, by his action, separate that portion of the agreement which relates to the defendants' agreement to insure the property and recover upon it as a distinct undertaking. It is manifest from the consideration expressed in the contract that the agreement to insure was made a part thereof, for the express purpose of enabling plaintiff to collect the insurance in the event the premises should be destroyed by fire prior to being paid in full for his property agreed to be sold.

"The provision prohibiting any action to be brought on an oral contract within the statute includes actions based indirectly on the contract. An action for damages for its breach is in effect one for its enforcement and cannot be maintained; and this is, as a general rule, held true though there has been such a part performance by the plaintiff as would authorize a court of equity to decree specific performance by the other party." 25 R. C. L. sec. 332, p. 691.

It is well settled that, when a contract is invalid or for any reason unenforceable, it necessarily follows that no right of action exists for damages occasioned by the breach thereof. Kiser v. Richardson, 91 Kan. 812, 139 Pac. 373, Ann. Cas. 1915D, 539. From the very nature of the case made by the complaint and of the relief required, plaintiff was obliged to set up in his complaint the entire contract. In such case he is debarred from recovering, because it appears upon the proofs that the executory part of the contract is within the

statute of frauds.    Browne on Statute of Frauds, sec. 151.

6.  What we have said disposes of the contention that section 1073, Revised Laws of 1912, makes the defendants liable.    This section applies to equitable actions cnly for specific performance, and not to actions at law for a breach of a void contract.    The agreement in question being impressed with the statute of frauds, and not divisible, the plaintiff can claim nothing from its breach.

We therefore can do no less than reverse the judgment.

It is so ordered.

### On Petition for Rehearing

September 11, 1923.                    217 Pac. 1101.

By the Court, Sanders, J.:

We should deny the petition without comment but for the fact that the court is charged with having decided the case upon a point not raised in the briefs or in any bill of exceptions or assignment of errors.    In support of the proposition, it is, in substance, asserted that the court either overlooked or disregarded the provision contained in section 4 of an act entitled "An act to regulate proceedings on motions for new trials and on appeal in civil cases" (Stats. 1923, p. 163), which section provides that:

"The supreme court shall not decide any case on any point not raised in the opening brief or briefs in answer thereto without first giving all parties affected an opportunity to be heard upon such point."

It is useless to say that the court was conversant with the statute when the opinion was written, but did not understand that it was intended thereby to convert this tribunal into a law school.

1.  In this case it was decided that the verbal contract for the sale of the realty and the purchasers' agreement to insure the house thereon against loss by fire was within the statute of frauds, because the latter was not separable from the contract for the purchase of the land.    It is true the point decided was not so stated in the briefs, but we submit that it was necessarily

involved in the correct solution of the question whether the agreement to insure the premises was within the statute of frauds. This was the only justiciable question for decision, and no intelligent opinion could be written without its consideration. Certainly, it was not intended by the statutory rule of practice to preclude this court from deciding a point of law necessarily involved in the question for decision. In the present case it would be a reflection upon the intelligence of counsel on both sides to say that the point decided was not present in their minds when the briefs were prepared, especially when it appears affirmatively from the record that the learned trial court, in ruling upon the motion for new trial, expressly separated and distinguished the agreement to insure the property from the contract to purchase the land.

2. It is further objected that the statute of frauds was not raised by the pleadings or upon the trial of the case. Clearly this objection comes too late upon a petition for rehearing.

The petition is denied.