RENEE R. SCHWARTZ, Appellant, *v.* JOHN T. WASSERBURGER, Individually and as Trustee of the John T. Wasserburger Family Trust; the JOHN T. WASSERBURGER FAMILY TRUST; DESERT LEASING; DESERT SALES AND LEASING, INC., a Revoked Nevada Corporation; JOHN T. WASSERBURGER and JOHN W. ARNESON, as Trustees of Desert Leasing, Inc., a Revoked Nevada Corporation, Respondents.

No. 35916

September 17, 2001                                    30 P.3d 1114

---

[15]*Cf.* NRS 202.2493.

[16]The Honorable Cliff Young, Justice, voluntarily recused himself from participation in the decision of this matter.

*Patrick C. Clary,* Las Vegas, for Appellant.

*Gordon & Silver, Ltd.,* and *Bradley J. Richardson,* Las Vegas, for Respondents.

Before MAUPIN, C. J., AGOSTI and ROSE, JJ.

## OPINION

By the Court, MAUPIN, C. J.:

This appeal raises an issue of first impression for Nevada: on what date a cause of action arises, for statute of limitation purposes, when an obligation under a written agreement is repudiated before the date set for performance.

Appellant Renee Schwartz, suing in her capacity as personal representative of her late husband's estate, claims that the respondents breached a purchase agreement entered into by her husband before his death. The district court dismissed Ms. Schwartz's complaint, ultimately concluding that NRS 11.190(1)(b), the six-year statute of limitation governing actions brought upon written contracts, barred the action. In doing so, the district court determined that the limitation period commenced on the date respondents repudiated the purchase agreement.

On appeal, Ms. Schwartz assigns error to the decision below, contending that the limitation period began to run, as a matter of law, on a later date—the due date for performance under the contract. We conclude that, in cases of anticipatory breach, the pre-

scriptive period commences either on the date stipulated for actual performance or, if the aggrieved party chooses to bring suit before performance is due, on the date that the action is initiated.

## FACTUAL BACKGROUND

Leslie C. Schwartz, a Las Vegas businessman, was a partner in an auto-leasing business known generally as "Desert Leasing." On June 19, 1992, Mr. Schwartz entered into an agreement to sell his partnership interest in Desert Leasing to the John T. Wasserburger Family Trust of Nevada, acting through its agent, John T. Wasserburger.[1] The Trust agreed to pay the purchase price in regular six-month installments.

The Trust thereafter assumed control of Desert Leasing. On March 24, 1993, attorneys for the Trust advised Mr. Schwartz in writing that payment of any further installments would be suspended because of alleged false inducements in connection with the original formation of the sales agreement.

On May 13, 1993, Mr. Schwartz filed a complaint alleging that the written notification of March 24, 1993, constituted an anticipatory breach of the purchase agreement. As threatened, the Trust failed to make the next installment payment, due June 19, 1993.

Mr. Schwartz died on August 25, 1996, before the matter could proceed to trial. Ms. Schwartz did not learn of her late husband's pending contract claim until approximately three years after his demise. Because the five-year mandatory dismissal period under NRCP 41(e) had expired, Ms. Schwartz, in her individual capacity, filed a motion to dismiss the complaint without prejudice.[2] The district court granted the motion on April 12, 1999. On April 13, 1999, Ms. Schwartz filed a new complaint, which was nearly identical to the original. The district court dismissed the second complaint without prejudice on September 23, 1999, essentially on the ground that Ms. Schwartz could not maintain the suit in her individual capacity, "because it [was] brought in the name of a deceased person." This language, apparently drafted on behalf of the Trust, reflected the Trust's erroneous contention that Ms. Schwartz was jurisdictionally required to bring the estate's action within one year of Mr. Schwartz's death under NRS 11.310(1),[3] regardless of the underlying limitation period.

---

[1] Collectively referred to hereafter as the "Trust."

[2] *Lighthouse v. Great W. Land & Cattle,* 88 Nev. 55, 57, 493 P.2d 296, 296-97 (1972).

[3] NRS 11.310(1) states: "If the person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representatives, after the expiration of that time, and within 1 year from his death."

In a subsequent series of motions, Ms. Schwartz sought to persuade the district court to reconsider its dismissal of the action. She attempted to cure her lack of capacity by securing appointment as special administrator of Mr. Schwartz's estate and moving for substitution as a party in the recently-dismissed action.

The district court ultimately determined that the six-year limitation period "began to run March 24, 1993, the date of the anticipatory breach." Accordingly, because Ms. Schwartz did not file her separate complaint until April 13, 1999, the district court concluded that the action was time barred, regardless of the capacity in which she sought relief. Thus, it denied Ms. Schwartz's applications to amend the order of dismissal. Ms. Schwartz timely appealed the dismissal of the second complaint, claiming that the limitation period did not expire until June 19, 1999, six years following the due date for performance by the Trust.

### DISCUSSION

We must resolve this matter within the framework of the following chronology:

> Date of agreement: June 19, 1992.
> Date of alleged anticipatory breach: March 24, 1993.
> Date of decedent's suit for anticipatory breach: May 13, 1993.
> Date performance was actually due: June 19, 1993.
> Date of decedent's demise: August 25, 1996.
> Sixth anniversary of alleged anticipatory breach: March 24, 1999.
> Date second suit commenced: April 13, 1999.
> Sixth anniversary following commencement of suit by Mr. Schwartz: May 13, 1999.
> Sixth anniversary from date of performance: June 19, 1999.

The question to be decided is whether the repudiation of the agreement, the date of the first lawsuit, or the date of performance governs the accrual of causes of action for anticipatory breach of an agreement.

NRS 11.190(1)(b) provides a six-year limitation period for contract actions, "but is silent as to when such a cause of action accrues."[4] We have never considered whether an anticipatory repudiation constitutes an accrual of a contract action for statute of limitation purposes.[5]

---

[4]*Bemis v. Estate of Bemis,* 114 Nev. 1021, 1025, 967 P.2d 437, 440 (1998) (applying existing precedent that a "discovery rule" exists with regard to the accrual of contract actions).

[5]This court has not specified when a cause of action accrues for these purposes, but has held that when one party engages in anticipatory breach, the

Other courts have concluded that the statutory prescriptive period governing actions in contract begins to run on the date of performance specified in the contract, but that the obligee may elect to commence formal legal action upon any act of anticipatory breach.[6] In the event a plaintiff elects to sue upon the anticipatory breach and not the promisor's actual nonperformance, " 'the accrual date of the cause of action is accelerated from time of performance to the date of such election.' "[7]

This rule is based upon public policy considerations. If, as urged by the Trust, the limitation period were to begin on the date of the anticipatory breach itself, an obligee would be forced to immediately sue on the breach without providing the obligor an opportunity to reconsider and perform.[8] Such a result would unnecessarily encourage litigation or punish a non-breaching party for giving the obligor an opportunity to cure the breach. We therefore hold that under NRS 11.190(1)(b), a cause of action in contract cases involving a wholly anticipatory repudiation accrues either on the date that performance under the contract is due or, if the plaintiff so elects, on the date that the plaintiff sues upon the anticipatory breach.

Applying the rule to the instant case, we conclude that the district court erroneously determined that Ms. Schwartz's breach of contract claim is barred under the six-year limitation period set forth in NRS 11.190(1)(b). Mr. Schwartz filed his complaint in this matter before performance on the contract was due. He therefore elected to sue upon the anticipatory breach and did not wait until the Trust failed to perform. Consequently, the statute of limitations in this case accelerated and began to run on May 13, 1993. Because Ms. Schwartz filed her survival action on April 13, 1999, the six-year statute of limitation had not expired and did not bar this suit.

Ms. Schwartz initially sought to bring suit in her individual

---

other party may treat the contract as ended and sue immediately. *See Finnell v. Bromberg,* 79 Nev. 211, 381 P.2d 221 (1963).

[6]*See Kinsey v. United States,* 852 F.2d 556, 558 (Fed. Cir. 1988) (citing *Penn-Ohio Steel Corp. v. United States,* 354 F.2d 254, 272-73 n.35 (Ct. Fed. Cl. 1965)); *Romano v. Rockwell International, Inc.,* 926 P.2d 1114, 1119 (Cal. 1996) (quoting *Taylor v. Johnston,* 539 P.2d 425, 430 (Cal. 1975)); *see also* 4 *Corbin on Contracts* § 989, at 967 (1951).

[7]*Franconia Associates v. United States,* 43 Fed. Cl. 702, 709 (1999) (quoting Calvin W. Corman, *Limitation of Actions* § 7.2.1 (1991)); *see also Union Sugar Co. v. Hollister Estate Co.,* 47 P.2d 273, 276 (Cal. 1935).

[8]*See Clayton v. Gardner,* 107 Nev. 468, 471 n.3, 813 P.2d 997, 999 n.3 (1991).

capacity, and the district court subsequently appointed her the administrator of Mr. Schwartz's estate. Accordingly, Ms. Schwartz now asserts her contract claim as the estate's personal representative. NRS 143.060 allows her to do this: ''[A]ll actions founded upon contracts . . . may be maintained by and against a personal representative in all cases in which the actions might have been maintained by or against the decedent.''

The Trust suggested below, and the district court apparently agreed, that NRS 11.310(1) bars this action. Under this provision, if the applicable limitation period governing a decedent's cause of action has not expired on the date of his demise, the personal representative may bring the action *after* the limitation period has expired if it is brought within one year following the demise. NRS 11.310(1) simply provides a mechanism for preserving decedents' claims for which prescriptive periods are nearing expiration. This statute does not pre-empt the right of the personal representative to bring the action any time after death of the decedent so long as it is brought prior to the expiration of the underlying prescriptive period.[9] Here, although Mr. Schwartz died some three years before Ms. Schwartz filed her separate action, the six-year period of limitation on his contract claim had not expired. Thus, NRS 11.310(1) has no application to this matter.[10]

The statutory construct in place for the prosecution of ''survival'' actions provides that the estate administrator stands in the shoes of the decedent and is subject to all defenses that might have been asserted against the decedent. Accordingly, under this framework, a personal representative inherits the benefits and burdens connected with the running of any applicable statute of limitations, measured from when the cause of action first accrued in favor of the decedent.[11]

As Ms. Schwartz's action was not barred by the six-year statute of limitation, we reverse the district court's dismissal order and remand the case to the district court with instructions to reinstate her action against the Trust.

AGOSTI and ROSE, JJ., concur.

---

[9]Because the district court concluded that the six-year statute of limitations had run, it never formally ruled on Ms. Schwartz's motion to substitute. However, the order below unequivocally states: ''The Court also finds that if this matter is appealed, and the Nevada Supreme Court disagrees with this Court's conclusion, then the substitution of [Ms.] Schwartz as Executrix of the Estate of Les Schwartz would relate back under NRCP 15(c) so that she would be the proper party plaintiff.''

[10]See *Rickards v. Hutchinson*, 18 Nev. 215, 223-24, 4 P. 702, 702-03 (1884).

[11]See *Schwartz v. Stock*, 26 Nev. 155, 156-57, 65 P. 357, 357-58 (1901).