**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TANYA WALLACE, SPECIAL
ADMINISTRATOR OF THE ESTATE
OF DAVID WALLACE, D/B/A DDUB
ENTERTAINMENT,
Appellant,
vs.
SHAFFER C. SMITH,
Respondent.

No. 60456

**FILED**

SEP 2 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is an appeal from a district court summary judgment in a contract action. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Respondent Shaffer Smith, now a successful recording artist known as Ne-Yo, and David Wallace signed a professional management services agreement in 1998. The agreement required Wallace to provide his professional management services for seven years and required Smith to pay Wallace fifteen percent of his earnings, if any, weekly for seven years. Shortly after signing the agreement, Smith moved from Las Vegas to Los Angeles, and Wallace remained in Las Vegas. Wallace tried to contact Smith by telephone but was unable to do so, and learned from contacts in Los Angeles that Smith was seeking recording agreements without using Wallace's services. Smith did not make any payments to Wallace, and after Smith moved to Los Angeles in 1998, Wallace provided no services to Smith.

In 2007, Wallace filed a complaint against Smith in district court, seeking damages for breach of contract and other claims. The district court granted Smith's motion for summary judgment, finding as a

14-32153

matter of law that: (1) any breach occurred in 1998 because the agreement was not an installment contract; and (2) Smith's conduct was not anticipatory repudiation, Wallace's performance was not excused, and the parties mutually abandoned the agreement in 1998 by failing to perform. As a result, the district court concluded that Wallace's cause of action accrued in 1998 and the period of limitations expired in 2004, three years before Wallace filed his complaint. Wallace now appeals.[1]

We review a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). NRS 11.190(1)(b) provides a six-year period of limitations for actions based on written contracts. Because the period of limitations does not begin to run until a cause of action accrues, *Schwartz v. Wasserburger*, 117 Nev. 703, 706, 30 P.3d 1114, 1116 (2001), we must determine when Wallace's cause of action for breach of the agreement accrued.

*The agreement was an indivisible installment contract, and the period of limitations only began to run when each installment became due*

The nature of a contract depends on the intent of the parties and is a question of law that this court reviews de novo. *See Dredge Corp. v. Wells Cargo, Inc.*, 82 Nev. 69, 73, 410 P.2d 751, 754 (1966); *Linebarger v. Devine*, 47 Nev. 67, 72, 214 P. 532, 534 (1923). "A contract is divisible where . . . performance of each party is divided into two or more parts; the number of parts due from each party is the same; and the performance of

---

[1]David Wallace died after the district court entered summary judgment in Smith's favor and before briefing was completed on appeal. Tanya Wallace, his widow and personal representative of his estate, maintains this appeal. However, because Ms. Wallace has no further involvement in this matter, we refer to David Wallace simply as "Wallace" throughout this order.

 

each part is the agreed exchange for a corresponding part by the other party." *Dredge Corp.*, 82 Nev. at 73, 410 P.2d at 754. In contrast, a contract is indivisible "if the consideration . . . is single, and cannot be apportioned to particular promises on each side." 15 Richard A. Lord, *Williston on Contracts* § 45:7 (4th ed. 2014); *see also Linebarger*, 47 Nev. at 72, 214 P. at 534.

Here, Smith was to make payments weekly, but Wallace's services were not expressly apportioned to the payments or in any other way. Therefore, the agreement was an indivisible contract. *See Dredge Corp.*, 82 Nev. at 73, 410 P.2d at 754.

However, the district court and the parties assumed that because the agreement was indivisible, it could not be an installment contract. This assumption is incorrect. It is well established that a contract that provides for installment payments that "are not referable to severable items or portions of the performance but are referable to the performance of the whole" may still be an indivisible contract. 17A Am. Jur. 2d *Contracts* § 411 (2004); *see also Williston on Contracts, supra*, § 45:1.

Although the agreement was indivisible because it required Wallace's continuous services for a seven-year period, it also required Smith to make weekly payments. This was an installment obligation because the payments were to be made periodically. *See Black's Law Dictionary* 868 (9th ed. 2009) (defining "installment" as "[a] periodic partial payment of a debt"); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998) (treating "a continuing obligation to pay a portion of the profits and royalties" as an installment obligation for statute of limitations purposes).

Accordingly, Wallace's claims are barred by the statute of limitations only as to those installments that became due more than six years before Wallace filed the complaint unless the parties mutually abandoned the contract, which, as discussed below, presents a question of fact on the record here. *See Clayton v. Gardner*, 107 Nev. 468, 470, 813 P.2d 997, 999 (1991) (stating that each failure to pay an installment when due constitutes a separate breach, and the period of limitations begins to run on each installment only when that installment is due); NRS 11.190(1)(b).

*The district court erred by finding as a matter of law that Smith's conduct did not amount to anticipatory repudiation, Wallace's performance was not excused, and the parties mutually abandoned the agreement*

Wallace argues that the district court erred by finding on summary judgment that Smith did not anticipatorily repudiate the agreement, Wallace's performance was not excused, and the parties mutually abandoned the agreement by failing to perform. We agree.

Anticipatory repudiation of a contract "must be clear, positive, and unequivocal." *Covington Bros. v. Valley Plastering, Inc.*, 93 Nev. 355, 360, 566 P.2d 814, 817 (1977). Anticipatory repudiation may be implied from conduct that prevents performance. *Taylor v. Johnston*, 539 P.2d 425, 430 (Cal. 1975). Prevention of performance may be evidenced by "'any acts, conduct, or declarations of the party, evincing a clear intention to repudiate the contract, and to treat it as no longer binding.'" *Cladianos v. Friedhoff*, 69 Nev. 41, 46, 240 P.2d 208, 210 (1952) (quoting *Lake Shore & M.S. Ry. Co. v. Richards*, 38 N.E. 773, 779 (Ill. 1894)). Whether conduct constitutes anticipatory repudiation depends on "the total factual context of the individual case." *Covington Bros.*, 93 Nev. at 360, 566 P.2d at 817. A party's failure to perform under a contract is excused where the other

party prevents that performance by anticipatory repudiation. *Cladianos*, 69 Nev. at 45, 240 P.2d at 210.

It is undisputed that Smith left Las Vegas for Los Angeles, ceased contact with Wallace, made no payments to Wallace, and pursued deals with record companies without consulting Wallace. Wallace was aware of Smith's conduct. Viewing these facts in the light most favorable to Wallace, a fact-finder could reasonably conclude that Smith's ceasing communication with Wallace made Wallace's performance impossible and amounted to anticipatory repudiation. 30 *Williston on Contracts, supra*, § 77:13 (4th ed. 2004) ("impracticability cases [are] fact driven, leaving much for the trier of fact"). Accordingly, the district court erred by concluding as a matter of law that Smith's conduct did not amount to anticipatory repudiation.[2] *See Cladianos*, 69 Nev. at 46, 240 P.2d at 210; *Taylor*, 539 P.2d at 430. As a result, we also conclude that the district court erred by finding as a matter of law that Wallace's performance was not excused. *See Cladianos*, 69 Nev. at 45-46, 240 P.2d at 210; *see also* 23 *Williston on Contracts, supra*, §63:15 (4th ed. 2002) ("The issue whether a party's [alleged] breach excuses future performance of the contract by the nonbreaching party . . . presents a question of fact.").

---

[2]Wallace also argues that the statute of limitations was tolled until the end of the contract term by anticipatory repudiation. When a party anticipatorily repudiates a contract, the cause of action for breach of contract "accrues either *on the date that performance under the contract is due* or, if the plaintiff so elects, on the date that the plaintiff sues upon the anticipatory breach." *Schwartz v. Wasserburger*, 117 Nev. 703, 707, 30 P.3d 1114, 1116 (2001) (emphasis added). Therefore, assuming that Smith's conduct amounted to anticipatory repudiation and that the parties did not mutually abandon the contract, Wallace had the option to sue immediately or wait until Smith actually breached the agreement. *See id.*

The district court further found that because Wallace's performance was not excused and neither Wallace nor Smith performed under the agreement after 1998, the parties mutually abandoned the agreement. "[C]ontract abandonment occurs when both parties depart from the terms of the contract by mutual consent." *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 120 Nev. 277, 292, 89 P.3d 1009, 1019 (2004). Consent may be implied where "'the acts of one party inconsistent with [the contract's] existence are acquiesced in by the other.'" *Id.* (alteration in original) (quoting *Paterson v. Condos*, 55 Nev. 134, 142, 28 P.2d 499, 500 (1934)). Whether parties have abandoned a contract presents a question of fact. *Id.* A nonbreaching party need not engage in futile gestures to preserve contractual rights. 17A Am. Jur. 2d *Contracts* § 598 (2004); *see also Mayfield v. Koroghli*, 124 Nev. 343, 349, 184 P.3d 362, 366 (2008).

Here, Smith left Las Vegas, and Wallace claims that he tried to contact Smith by telephone to no avail. The record does not suggest that Wallace ever went to Los Angeles even though he knew about Smith's conduct, nor does it indicate how many calls he made or when he stopped trying to contact Smith, so a reasonable fact-finder could find that Wallace abandoned the contract by failing to put himself in a position of ability to perform his obligations.[3] But a reasonable fact-finder also could conclude

---

[3]We note that a court may refuse to allow recovery by either party to an agreement where the parties are left in status quo. *See, e.g.*, 15 *Williston on Contracts, supra*, § 43:31 ("[T]he mutual inability or unwillingness of the parties to a contract to perform will discharge the duty of each to the other."). Nonetheless, because there are material disputes of fact with regard to the parties' actions and intentions, such a determination would be premature at this time.

SUPREME COURT OF NEVADA

(O) 1947A

from these sparse facts that Wallace tried, failed, and eventually gave up trying to contact Smith but did not consent to abandoning the agreement, *see J.A. Jones Const. Co.*, 120 Nev. at 292, 89 P.3d at 1019, and that further efforts to contact Smith would have been futile. *See* 17A Am. Jur. 2d *Contracts* § 598 (2004); *Mayfield*, 124 Nev. at 349, 184 P.3d at 366. Thus, we conclude that the district court erred by finding that Wallace abandoned the agreement as a matter of law.

In conclusion, the district court erred by entering summary judgment because genuine issues of material fact exist as to anticipatory repudiation and mutual abandonment. Assuming no mutual abandonment, Wallace's claims are barred by the statute of limitations but only as to those installments that became due more than six years before Wallace filed the complaint.

Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:   Hon. Linda Marie Bell, District Judge
        M. Nelson Segel, Settlement Judge
        David Lee Phillips & Associates
        JH Freeman Law (Pro Hac Vice)
        Snell & Wilmer, LLP/Las Vegas
        Eighth Judicial District Court Clerk