**141 Nev., Advance Opinion 54**

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA
DEPARTMENT OF CORRECTIONS;
WARDEN JEREMY BEAN,
INDIVIDUALLY; ASSOCIATE
WARDEN JULIE WILLIAMS,
INDIVIDUALLY; AND ASSOCIATE
WARDEN JAMES SCALLY,
INDIVIDUALLY,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE BITA
YEAGER, DISTRICT JUDGE,
Respondents,
    and
WILLIAM JOSEPH CAPERONIS,
INDIVIDUALLY AS THE FATHER AND
SPECIAL ADMINISTRATOR FOR THE
ESTATE OF BRIAN ANTHONY
CAPERONIS, DECEASED,
Real Party in Interest.

No. 89977



FILED

NOV 13 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying a motion to dismiss for failure to exhaust administrative remedies.

*Petition denied.*

Aaron D. Ford, Attorney General, Jessica E. Whelan, Chief Deputy Solicitor General, and Leo T. Hendges, Senior Deputy Attorney General, Carson City,
for Petitioners.

Hutchings Law Group and Mark H. Hutchings and John B. Lanning, Las Vegas,
for Real Party in Interest.

---

BEFORE THE SUPREME COURT, PICKERING, CADISH, AND LEE, JJ.

*OPINION*

By the Court, CADISH, J.:

NRS 41.0322 and NRS 209.243 require that any person presently or formerly in the custody of petitioner Nevada Department of Corrections (NDOC) exhaust available administrative remedies before initiating a civil action against NDOC or its affiliates for loss, damage, or injury. After real party in interest William Caperonis, as the administrator of the estate of his son Brian Caperonis—who was killed while in NDOC's custody—filed a district court complaint against NDOC for negligence, NDOC moved to dismiss on the ground that the estate had not exhausted administrative remedies prescribed by the statutes. The district court denied the motion, and NDOC now seeks writ relief. Based on the unambiguous statutory language, which is wholly consistent with the statutes' apparent purpose, we conclude that the NRS 41.0322 and NRS 209.243 exhaustion requirements do not apply to the estate of a deceased inmate, and we therefore deny NDOC's writ petition.

*FACTS AND PROCEDURAL HISTORY*

While incarcerated at High Desert State Prison in Clark County, Brian was murdered by other inmates. William, individually as

Brian's father and as the special administrator of Brian's estate, sued NDOC and its employees for civil rights violations under 42 U.S.C. § 1983, wrongful death, and various negligence claims related to his son's death.

NDOC moved to dismiss all state law claims other than the claim for wrongful death, arguing that William could not proceed on those claims because sovereign immunity had not been waived. Specifically, NDOC argued that per NRS 41.0322, in his capacity as the special administrator of Brian's estate, William was required to exhaust the administrative remedies provided by NRS 209.243 by filing an administrative claim form (Offender Grievance Procedure Administrative Regulation (AR) 740) to invoke the State's waiver of sovereign immunity. According to NDOC, because the estate failed to exhaust available administrative remedies before filing the complaint, the negligence claims must be dismissed.

William opposed, arguing that the requirements in NRS 41.0322 applied only to living inmates, not the estates of decedents. William argued that if the legislature intended for this requirement to apply to the estates of decedents, it would have specifically included estates in the statute, rather than just "a person who is or was in the custody of the Department of Corrections." Moreover, William argued that under NDOC's interpretation and given the statutes' time constraints, an estate administrator would be required to exhaust administrative remedies on behalf of the decedent before their death—an expectation that effectively assumes the decedent could foretell their own death. NDOC replied that the estate must "follow the same administrative claim process that Brian Caperonis would have been required to follow, because the Estate can only

pursue those claims that were available to Brian," and that such an interpretation was consistent with NRS 41.0322's plain language.

The district court denied the motion, concluding that the estate was not required by NRS 41.0322 to exhaust administrative remedies before filing a complaint against NDOC. The district court explained that the plain language of the statute and the corresponding administrative code sections contemplated only current or former prisoners and thus did not extend to the estates of deceased prisoners. The district court also pointed out that AR 740 refers only to individuals who are currently incarcerated or have been released. NDOC petitions for mandamus relief, arguing that the exhaustion statutes require dismissal.

## DISCUSSION

Writ relief is an extraordinary remedy, and whether to entertain a writ petition on its merits is a decision within our sole discretion. *Hawkins v. Eighth Jud. Dist. Ct.*, 133 Nev. 900, 902, 407 P.3d 766, 769 (2017). A writ of mandamus is available to compel an act required by law and may be issued "where the lower court has *manifestly* abused [its] discretion or acted arbitrarily or capriciously." *Walker v. Second Jud. Dist. Ct.*, 136 Nev. 678, 680, 476 P.3d 1194, 1196 (2020). Manifest abuse of discretion includes clearly erroneous interpretations or applications of a law. *State v. Eighth Jud. Dist. Ct. (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011). Because an appeal from a final judgment typically provides an adequate legal remedy, this court generally declines to entertain writ petitions challenging the denial of a motion to dismiss. *State v. Eighth Jud. Dist. Ct. (Anzalone)*, 118 Nev. 140, 147, 42 P.3d 233, 238 (2002). But this court "may nevertheless review an order denying a motion to dismiss . . . when . . . 'an important issue of law needs clarification and

Supreme Court
OF
Nevada

(O) 1947A

4

considerations of sound judicial economy and administration militate in favor of granting the petition.'" *Chur v. Eighth Jud. Dist. Ct.*, 136 Nev. 68, 70, 458 P.3d 336, 339 (2020) (quoting *Anzalone*, 118 Nev. at 147, 42 P.3d at 238). Because NDOC's petition presents an important and novel legal issue needing clarification and the issue of whether the exhaustion statutes apply to estates of deceased prisoners appears to be recurring, as NDOC asserts that it has moved to dismiss on the same grounds in two other cases, we elect to consider the petition on its merits. *Buckwalter v. Eighth Jud. Dist. Ct.*, 126 Nev. 200, 201, 234 P.3d 920, 921 (2010) (explaining that we may entertain a writ petition challenging an order denying a motion to dismiss when "the issue is not fact-bound and involves an unsettled and potentially significant, recurring question of law").

*The administrative exhaustion requirements of NRS 41.0322 do not apply to the estates of deceased prisoners*

Statutory interpretation issues, including whether a statute provides an exception to the general waiver of sovereign immunity, present legal questions subject to de novo review. *Martinez v. Maruszczak*, 123 Nev. 433, 438, 168 P.3d 720, 724 (2007); *Int'l Game Tech., Inc. v. Second Jud. Dist. Ct.*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008) (observing that questions of statutory interpretation raised in a writ petition are reviewed de novo). "Because the primary legislative intent behind the qualified waiver of sovereign immunity from tort liability under NRS Chapter 41 was to waive immunity, we strictly construe limitations upon that waiver." *Martinez*, 123 Nev. at 439, 168 P.3d at 724 (internal quotation marks omitted); *cf. BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) ("The preeminent canon of statutory interpretation requires us to presume that [the] legislature says in a statute what it means and means in a statute

(O) 1947A

what it says" (internal citation omitted)). The starting point for interpreting statutory language is plain language analysis. *See Panik v. TMM, Inc.*, 139 Nev. 526, 528 P.3d 1149, 1153 (2023) ("When interpreting a statute, we look to its plain language. If a statute's language is plain and unambiguous, we enforce the statute as written, without resorting to the rules of construction." (internal quotations omitted)).

The Nevada Legislature has broadly waived sovereign immunity unless an express exception to the waiver applies. NRS 41.031(1) ("The State of Nevada hereby waives its immunity from liability and action and hereby consents to have its liability determined in accordance with the same rules of law as are applied to civil actions against natural persons and corporations, except as otherwise provided in NRS 41.032 to 41.038."). One such limitation on Nevada's waiver of sovereign immunity is found in NRS 41.0322. It provides that

> [a] *person who is or was in the custody of the Department of Corrections* may not proceed with any action against the Department or any of its agents, former officers, employees or contractors to recover compensation for the loss of the person's personal property, property damage, personal injuries or any other claim arising out of a tort pursuant to NRS 41.031 unless the person has exhausted the person's administrative remedies provided by NRS 209.243 and the regulations adopted pursuant thereto.

NRS 41.0322(1) (emphasis added). NRS 209.243(1) addresses the administrative remedies exhaustion requirements, stating that

> [a] *prisoner or former prisoner may file an administrative claim* with the Department to recover compensation for the loss of his or her personal property, property damage, personal

SUPREME COURT
OF
NEVADA

(O) 1947A

injuries or any other claim arising out of a tort alleged to have occurred during his or her incarceration as a result of an act or omission of the Department or any of its agents, former officers, employees or contractors. The claim must be filed within 6 months after the date of the alleged loss, damage or injury.

(Emphasis added.) If a prisoner or former prisoner files a district court action "before the exhaustion of the person's administrative remedies," the district court must stay the action "until the administrative remedies are exhausted," but if a prisoner or former prisoner fails altogether to timely file their administrative claim with NDOC, the court must dismiss the action. NRS 41.0322(3).

Because the administrator of an estate stands in the shoes of the decedent, NDOC argues that the estate is subject to the same failure-to-exhaust-administrative-remedies defense that NDOC could have brought against Brian had he lived and sought damages for NDOC's alleged negligence. NDOC asserts that because the estate did not abide by the exhaustion requirements, NRS 41.0322(3) compels the dismissal of its tort claims.

When a statute's language is clear and unambiguous, courts must give effect to that language without reading additional meaning into it. *Barbara Ann Hollier Tr. v. Shack*, 131 Nev. 582, 588, 356 P.3d 1085, 1089 (2015). These limitations on judicial construction include the principle that courts lack authority to create exceptions not contained in the statute or to add words the legislature chose to omit. *See United States v. Johnson*, 529 U.S. 53, 58 (2000) (recognizing that when a legislative body "provides exceptions in a statute, it does not follow that courts have authority to create others"; instead, "the proper inference" is that the legislature

considered what exceptions to include "and, in the end, limited the statute to the ones set forth").

Applying these principles, we agree with the district court that under the plain language of both NRS 41.0322(1) and NRS 209.243, the administrative exhaustion requirements in NRS 41.0322(1) do not apply to the estate of a deceased prisoner. The statute's operative language is limited only to "a person who is or was" in NDOC's custody and does not contemplate survival claims. NRS 41.0322(1).

While an estate generally stands in the shoes of a decedent and thus is subject to the same defenses, *see Schwartz v. Wasserburger*, 117 Nev. 703, 708, 30 P.3d 1114, 1117 (2001), Nevada's exceptions to statutory waiver of sovereign immunity must be strictly construed, *Martinez*, 123 Nev. at 439, 168 P.3d at 724. Under that strict construction, the estate and its administrator—being legally distinct from the decedent—are not expressly included within the statute's exhaustion requirement and thus cannot be presumed to be subject to it. *Hollier Tr.*, 131 Nev. at 588, 356 P.3d at 1089; *Johnson*, 529 U.S. at 58.

While the statutes' plain language supports that the restriction on the State's waiver of sovereign immunity is confined to current and former inmates, the administrative regulations adopted pursuant to NRS 209.243 further confirm that this limitation does not bar claims brought by an inmate's estate. Within NDOC's implementing administrative regulations, AR 740 governs the offender grievance procedure. This regulation provides no mechanism that the estate could plausibly utilize. *See generally* AR 740.08-.10 (setting forth a three-step grievance procedure that requires offenders to file an informal grievance, followed by first- and second-level grievances); AR 740.03 ("Offenders may use the Offender

Grievance Procedure to resolve addressable offender claims . . . ."). As the district court concluded, these administrative regulations apply specifically to "offenders," and the administrator of an offender's estate pursuing a claim related to the offender's death is not an offender who is or was in NDOC custody and thus subject to NDOC regulations. *See Nevada Department of Corrections Glossary*, 24 (last updated 09/11/2020) (defining "Offender" as "[a]n individual convicted or adjudicated of a criminal offense"); *cf. Lofthouse v. State*, 136 Nev. 378, 380, 467 P.3d 609, 611 (2020) (noting that the court gives statutory words "their plain and ordinary meanings unless the context requires a technical meaning or a different meaning is apparent from the context").

With respect to former prisoners, AR 740.06 provides a mechanism to finalize an active grievance after the "offender's" sentence expires or they are released on parole, while prohibiting any further appeals. No similar procedure is outlined for a former prisoner or the estate of a former prisoner to start a new grievance, and thus pursuing such a procedure would be futile. *See Abarra v. State*, 131 Nev. 20, 23, 342 P.3d 994, 996 (2015) (recognizing that the exhaustion doctrine applies only when administrative remedies are available and does not apply when pursuing them would be futile). Accordingly, as the administrative complaint process in NRS 209.243 does not extend to the estate of a deceased prisoner, we perceive no manifest abuse of discretion or clear legal error in the district court's decision denying NDOC's motion to dismiss.

We are not persuaded by NDOC's arguments that the legislative history of NRS 209.243 and authorities from other jurisdictions support that the exhaustion-of-administrative-remedies statutes apply to a former prisoner's estate. First, the legislative history indicates that while

the 1995 amendment to NRS 209.243 expanded the types of claims subject to exhaustion, the amendment was specifically aimed at reducing the administrative burden placed on NDOC in having to respond to inmates who filed grievances simultaneously with complaints in district court. Hearing on S.B. 454 Before the Sen. Judiciary Comm., 68th Leg., at 2 (Nev. May 22, 1995). Requiring an inmate's estate to exhaust administrative remedies does not serve that purpose.

Second, although NDOC cites Illinois and Iowa decisions as being helpful in interpreting Nevada's exhaustion requirements, those authorities do not alter our analysis, as neither state has enacted a comparably broad waiver of sovereign immunity. In Illinois, the state's General Assembly has provided that the "State of Illinois shall not be made a defendant or party in any court, except as provided in certain statutes." *Lathon v. Ct. of Claims*, 254 N.E. 3d 958, 966 (Ill. App. Ct. 2024) (internal quotation marks omitted). And while the General Assembly created a special court of claims to decide claims against the state, Illinois requires any person filing such a claim to first exhaust all remedies and sources of recovery before seeking a final determination in the court of claims. 705 Ill. Comp. Stat. Ann. 505/25 (West 2025). As for Iowa, as a condition to waiving sovereign immunity, the Iowa Legislature established administrative procedures that litigants must follow before filing a complaint in district court. *McGill v. Fish*, 790 N.W.2d 113, 117 (Iowa 2010) (citing Iowa Tort Claims Act, Iowa Code Ann. § 669.5 (West 2025)). Under the Iowa Tort Claims Act, all claimants seeking to recover for tort claims against the state—regardless of who brings the claim—must exhaust administrative remedies before filing a complaint in district court. Iowa Code Ann. § 669.3 (West 2025). This requires claimants to first file their claims with the

(O) 1947A

director of the department of management, and the attorney general may then resolve the claim before litigation may proceed; if a claimant fails to comply, the court must dismiss their complaint. *Id.*; *McGill*, 790 N.W.2d at 117-18 (recognizing that, "unless the administrative procedures have been exhausted," the district court must dismiss a tort complaint against the state). Therefore, unlike Nevada, both of these states have statutes clearly requiring all claimants to exhaust available administrative remedies before filing a court complaint. As a result, the Illinois and Iowa decisions upon which NDOC relies offer no support for extending NRS 41.0322's exhaustion requirements to an inmate's estate, and neither of those authorities nor the legislative history undermine the plain language analysis above.

## CONCLUSION

While estates generally step into the shoes of the decedent, the plain language of NRS 41.0322, reinforced by its overall structure and evident purpose, demonstrates that the legislature did not intend for the exhaustion-of-administrative-remedies requirement to apply to an action brought by the estate of a deceased inmate. Nothing in the text suggests otherwise, and the legislative history of NRS 209.243 does not dispel this reading. Further, the NDOC administrative regulations contain no mechanism for representatives acting on behalf of a deceased inmate's estate to pursue administrative relief against NDOC. Finally, the out-of-state authorities cited by NDOC are unpersuasive, as those jurisdictions

lack a comparably broad waiver of sovereign immunity and impose distinct procedural prerequisites for all tort claims against the state. We therefore deny NDOC's writ petition.

_____, J.
Cadish

We concur:

_____, J.
Pickering

_____, J.
Lee

SUPREME COURT
OF
NEVADA

(O) 1947A